UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ariel Carmona Ramirez,<br><br>    Petitioner<br><br>v.<br><br>Kristi Noem, et al.,<br><br>    Respondents | Case No. 2:26-cv-00460-CDS-BNW<br><br>**Order Denying the Petitioner's Writ of Habeas Corpus and Motion for Preliminary Injunction**<br><br>[ECF Nos. 1, 2] |

Petitioner Ariel Carmona Ramirez initiated this action on February 19, 2026, by filing a petition for writ of habeas corpus. *See* Pet. for writ., ECF No. 1. Therein, he argues that his continued detention by Immigration and Customs Enforcement (ICE) violates his Fifth Amendment substantive and procedural due process rights. *Id.* He therefore seeks an order finding that his due process rights have been violated, directing the respondents to immediately release him, and ordering other related relief. *Id.* at 7–8. That same day, Carmona Ramirez also filed a motion for a preliminary injunction. Mot., ECF No. 2.[1] In this motion, he seeks for the respondents to release him on parole under 8 U.S.C. § 1226(a)(2)(B) or, in the alternative, to provide him a bond hearing under 8 U.S.C. § 1226(a)(2)(A). *Id.* The respondents[2] filed a response

---

[1] I note for the record that this motion was filed as an emergency motion, however, it does not properly meet the requirements for an emergency motion. Local Rule 7-4(c) (explaining when a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency). Generally, an emergency motion is properly presented only when the movant has shown: (1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, then no sufficient justification for bypassing the default briefing schedule exists and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

[2] The named respondents are Kristi Noem, Secretary of the Department of Homeland Security; Pamela Bondi, Attorney General of the United States; Todd Lyons, Director of USCIS; Bryan Wilcox, Field Office Director for Detention and Removal; John Mattos, Warden of the Nevada Southern Detention Center; United States Immigration Customs Enforcement. Because Noem is no longer the DHS Secretary, the

to the petition and motion. Resp., ECF Nos. 6,[3] 7. For the reasons explained herein, I deny Carmona Ramirez's petition and motion.

## I.   Background

Carmona Ramirez is a citizen of Mexico who entered the United States at an unknown date and time, without inspection. I-213, Pet.'s Ex. A, ECF No. 1-2 at 2. On June 20, 2021, Carmona Ramirez was charged with a DUI, first offense; reckless driving; and violation of presenting proof of insurance. ECF No. 1-2 at 6.

Around January 27, 2026, the Las Vegas Metropolitan Police Department arrested Carmona Ramirez on a bench warrant issued for a 2021 DUI case where Carmona Ramirez entered a plea of no contest. ECF No. 1 at 2. Carmona Ramirez was placed in the Nevada Southern Detention Center's custody. *Id.*

Around February 9, 2026, an immigration judge denied Carmona Ramirez's bond, finding no jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.*; Bond order, Pet.'s Ex. B, ECF No. 1-3. The IJ also indicated that the petitioner was a danger to the community for a second DUI arrest. *Id.*[4] On February 13, 2026, Carmona Ramirez filed a notice of appeal from the decision of the immigration judge concerning bond proceedings. *See* Form E-26, Pet.'s Ex. D, ECF No. 1-5 at 2–4. This administrative appeal remains pending. ECF No. 7 at 3.

## II.   Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be

---

Clerk of Court will be directed to replace her name with Markwayne Mullin. Mullin will be the named defendant in place of Noem going forward.

[3] Respondent John Mattos filed a response, taking no position on the habeas or bond. ECF No. 6.

[4] I note that the petitioner's record does not reflect a second DUI charge or conviction. *See* ECF No. 1-2 at 6.

granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    Discussion

Carmona Ramirez asserts that his detention violates the Fifth Amendment's Due Process Clause. *See* ECF No. 1 at 7. Carmona Ramirez asserts that he has lived in the United States for over eleven years, and his detention is governed under § 1226(a). ECF No. 1 at 7; ECF No. 2 at 2. In opposition, the respondents assert that the petitioner is properly detained as an applicant for admission under 8 U.S.C. § 1225(b). ECF No. 7 at 1. The respondents further argue that even if § 1226(a) governs his petition, he has already received the process contemplated by the statute: an individualized custody determination before an immigration judge. *Id.* The respondents also argue that the petitioner failed to exhaust his administrative remedies, which provide a clear mechanism for challenging a custody determination—that is, an appeal to the Board of Immigration Appeals. *Id.* at 2.

The information before the court indicates that a decision on the petition would be premature, as the issue is not yet ripe. In his petition, the petitioner conclusively asserts that he "has exhausted his administrative remedies to the extent required by law." ECF No. 1 at 5. The respondents' opposition indicates that the petitioner's appeal, filed on February 13, 2026, remains pending. The petitioner has not provided this court with any reply or additional evidence to indicate otherwise.

Carmona Ramirez has exercised his right to appeal the denial of his bond determination hearing. *See Fonua v. United States*, 2025 U.S. Dist. LEXIS 65442, at *2 (D. Nev. April 7, 2025) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008) (explaining if a petitioner is dissatisfied with the IJ's bond determination, he may file an administrative appeal so that the necessity of detention can be reviewed by the BIA)).

3

Further, Ninth Circuit precedent provides that a noncitizen must seek review from the BIA before filing a habeas petition in court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (explaining once the BIA has rendered its decision, the petitioner could have properly pursued habeas relief in the district court and the district court would have been subject to review). Meaning, the court is without jurisdiction until a decision is rendered by the BIA. It is not enough that the appeal remains pending. Consequently, this court does not make any findings on the merits and the requested relief in the petition is denied as unripe and premature.[5]

**IV.    Conclusion**

IT IS ORDERED that Carmona Ramirez's petition for writ of habeas corpus [ECF No. 1] is **DENIED without prejudice.**

IT IS FURTHER ORDERED that Carmona Ramirez's motion for a preliminary injunction [ECF No. 2] is **DENIED.**

IT IS FURTHER ORDERED that the parties must file a joint status report no later than **Tuesday, March 31, 2026**. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

The Clerk of Court is kindly directly to replace Kristi Noem with Markwayne Mullin.

Dated: March 24, 2026

_____
Cristina D. Silva
United States District Judge

---

[5] For the same reasoning, the petitioner's motion for preliminary injunction is also denied.